IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| John A. Franklin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-466 GMS |
| | ) |
| Pocono Ranch Lands Property Owners Association, President Sal Albanese, Treasurer Michael Muller, Recording Secretary Barbara Cali, Roy Borgfeld, John Cerruti, Ed Condra, John Frawley, Thelma Hurd, Chris Isolda, Lois Martin, Rich Massaro, Donald Murphy, Kathleen Simoncic, Community Manager David Cavanaugh, Barbara Station, Milli Kleiber, Bookkeeper Jenny Shull, Joe Galayda, Deanna Romano, Maintenance Staff David Albaugh, Maintenance Timothy McCabe, Maintenance Jim Whittaker, Maintenance Brian Schimmel, Maintenance Sam Gurian, Housekeeping Patsy Varga, Manager Joe Davis, Steven Roach, Tim Santiago, Richard Veech, Manager Doreen Santiago, John Fuehrer, Jennifer Nesci, Shannon Whipple, Clarence White, and NFN McBride, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM

The plaintiff, John A. Franklin ("Franklin"), filed this action on July 31, 2006, claiming jurisdiction based upon a federal question, and referencing the Fourteenth and Ninth Amendments and "USC Title 18[RICO]." (D.I. 2, 3.) Franklin appears *pro se* and was recently

granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.  **STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as the plaintiff proceeds *pro se*, the court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

II. **DISCUSSION**

Franklin alleges that the defendants are liable for causing him psychological and physical

distress by their pursuit of a void, frivolous, and moot claim. The complaint does not indicate what that claim might be, although Franklin makes reference to land he and his wife purchased at an auction. Franklin alleges that he never belonged to the Pocono Ranch Lands Property Owners Association. The complaint then discusses the procedure for real estate tax sales. Additionally, the complaint contains case citations followed by short quotations apparently from each cited case. Franklin seeks ten million dollars in punitive damages.

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) (quotes and cite omitted). "Given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* at 514 (quotes and cite omitted); *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (*pro se* complaint may be dismissed for failure to state claim only if appears beyond doubt that plaintiff can prove no set of facts in support which would show entitlement to relief).

Even liberally construing the complaint, the court is unable to discern what Franklin actually claims. Additionally, other than in the caption of the case, the complaint contains virtually no allegations against any of the defendants. As the complaint now stands, the defendants are not given fair notice of Franklin's claim. As a result, the court is hard pressed to see how any of the defendants could file a responsive pleading to the complaint. Because Franklin's complaint fails to provide sufficient notification to the defendants of the nature and

factual basis of the claimed wrong, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. CONCLUSION

For the above stated reasons the court finds that the complaint fails to state a claim upon which relief may be granted and it is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Franklin will be given leave to amend the complaint. An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

Feb 8, 2007
Wilmington, Delaware



FILED

FEB - 8 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| John A. Franklin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-466 GMS |
| | ) |
| Pocono Ranch Lands Property Owners Association, President Sal Albanese, Treasurer Michael Muller, Recording Secretary Barbara Cali, Roy Borgfeld, John Cerruti, Ed Condra, John Frawley, Thelma Hurd, Chris Isolda, Lois Martin, Rich Massaro, Donald Murphy, Kathleen Simoncic, Community Manager David Cavanaugh, Barbara Station, Milli Kleiber, Bookkeeper Jenny Shull, Joe Galayda, Deanna Romano, Maintenance Staff David Albaugh, Maintenance Timothy McCabe, Maintenance Jim Whittaker, Maintenance Brian Schimmel, Maintenance Sam Gurian, Housekeeping Patsy Varga, Manager Joe Davis, Steven Roach, Tim Santiago, Richard Veech, Manager Doreen Santiago, John Fuehrer, Jennifer Nesci, Shannon Whipple, Clarence White, and NFN McBride, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 6th day of Feb., 2007, for the reasons set forth in the Memorandum issued this date,

1.   The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B).

    2.    Franklin is given leave to amend the complaint. The amended complaint shall be filed within **thirty days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

_____
UNITED STATES DISTRICT JUDGE

FILED

FEB - 8 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE