Sunday, February 18, 2007

**Reply to Judges Order The Honorable Judge Sleet**



Page 1

## IN THE FEDERAL DISTRICT COURT OF THE THIRD CIRCUIT

## WILMINGTON DELAWARE

John A. Franklin [Pro-Se]
30329 Vines Creek Road
Dagsboro Delaware 19939

Plantiff

FILED

FEB 2 1 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**Civil Docket Nimber 1:06-cv-00466-GMS**
**Varified Complaint Demand A Jury Trial [seventh amendment]**

Pocono Ranch Lands Property Owners Association [a foreign corporation]
80 Pocono Ranch Lands
Bushkill, PA 18324-9801

and

the following in there official capacity and individual capacity
President Vice President Sal Albanese Treasurer Michael Muller
Recording Secretary Barbara Cali
Associated Board Members
Roy Borgfeld  John Cerruti Ed Condra John Frawley
Thelma Hurd Chris Isolda Lois Martin Rich Massaro Donald Murphy
Kathleen Simoncic
Office Staff
David Cavanaugh Community Manager Barbara Station—Asst. Community Manager
Milli Kleiber - Administrative Assistant
Deanna Romano—Administrative Assistant
Jenny Shull - Bookkeeper
Joe Galayda - Construction Administrator
Maintenance Staff
David Allbaugh - Maintenance Supervisor
Timothy McCabe - Maintenance
Jim Whittaker - Maintenance

Brian Schimmel - Maintenance
Sam Gurian—Maintenance
Patsy Varga - Housekeeping
Public Safety Staff
Joe Davis - Manager
Steven Roach
Tim Santiago
Richard Veech
Stable Staff
Doreen Santiago - Manager
John Fuehrer
Jennifer Nesci
Shannon Whipple
Charlene White

and

Mr. McBride [lawyer]   [a foreign corporation]
213 Silver Lake Road
Dingmans Ferry
State, Zip Code PA  18328

Defendants

## JURISDICTION

TITLE 28 > PART IV > CHAPTER 85 > § 1331

1331. Federal question

The district courts shall have original jurisdiction of all civil actions arising under the Constitution,

laws, or treaties of the United States. Fourtheenth and Ninth Amendments.

# COMPLAINT

## Malicious Prosecution

Filing a lawsuit with the intention of creating problems for the defendant such as costs, attorneys' fees,

anguish, or distraction when there is no substantial basis for the suit. If the defendant in the lawsuit wins

and has evidence that the suit was filed out of spite and without any legal or factual foundation, he/she

may, in turn, sue for damages against the person who filed the original action. If malice is clearly proved

against the party who brought the original suit, punitive damages may be awarded along with special and

general damages. In recent cases, courts have ruled that an attorney who knowingly assists a client in

filing a worthless lawsuit out of malice or spite may be liable for damages along with the client. The suit

by the victim to recover damages for a malicious prosecution cannot be filed until the original lawsuit is

decided in favor of the victim.

Defendants have caused [liable] for psychological and physical distress. By pursuing

a void, frivilous, and moot claim.

[I]          Mister Franklin is disabled and lives on $550.00 per month.

[II]          Mister Franklin purchased said property {LOT} at land auction for $25.00 dollars
along with his wife { MADEN NAME JOSEPHINE M FRANCO, JOSEPHINE M FRANKLIN}
both names are on deed and both are named in suit Mrs. MADEN NAME JOSEPHINE M FRANCO,
JOSEPHINE M FRANKLIN has yet to be contacted by Mr.McBride and/or Defendants making
suit void, and moot.

CURRENTLY LIVING IN THE STATE OF PA.
Joint Owners - Any person holding property jointly or in common can be held liable for the tax as to
the whole property, or as to his or her proportionate interest.
How is the property being used - SAID PROPERTY IS NOT BEING USED IT IS A
VACANT [LOT].
State legislatures can, subject to certain limitations, exempt any persons or property from taxation
or provide comparable tax benefits such as abatements, credits, or reduced assessment ratios.
In general the tax benefit must serve a public purpose and the classification on which it is based
cannot be arbitrary.  In most cases the availability of the benefit will be conditioned on the property
being used for a specific purpose

[III]          Under Pennsylvania Law Mister Franklin relinquished all rights to said {LOT}
give up or abandon, by default failure to perform a task or fulfill an obligation, especially failure
to meet a financial obligation.

[IV]          Futhermore Mister Franklin never belong to defendants Pocono Ranch Lands
Property Owners Association [Signed Contract]

[V]          Pennsylvania Tax Bill
Pennsylvania Real Estate Upset Tax Sales Bill
Real Estate tax sales in Southeastern Pennsylvania counties (other than Philadelphia) are
held in September of each year. Unpaid real estate taxes become delinquent on January
1st of the year following the year when the taxes are due (for example, 1999 taxes became

delinquent on January 1, 2000). The taxing authorities return a claim for unpaid taxes to the County Tax Claim Bureau by April 1st. The Tax Claim Bureau acts as the agent for the taxing authorities in a county. Delinquent taxes can be paid only to the Tax Claim Bureau, not to the local tax collectors. Interest is charged at the rate of 9 percent per year.

A notice of the tax claim is sent to the owner by certified mail by July 31st of the year after the taxes are due. The tax claim becomes absolute on the following January 1st, but may be discharged until July 1st of the following year. The redemption period runs until the property is sold at the public sale in September.

The Tax Sale

Upset tax sales are scheduled in September at the county courthouse for unpaid township or borough, county and school district real estate taxes. The sales in 2000 will usually be for unpaid 1998 taxes. Notice of the sale is given by publication in a legal publication and in two papers of general circulation at least 30 days prior to the sale. The Tax Claim Bureau gives written notice to each owner by certified mail. The property must be posted at least ten days prior to the sale. Mortgagees and other lienholders do not receive personal notice of either the tax claim or the tax sale. A tax sale will not divest prior unpaid liens of record, such as mortgages and judgments. The sale will, however, divest liens of all taxes and municipal claims which are included in the upset price. There is no right of redemption after the property is sold at tax sale.

Removal From Sale

The owner or any lien creditor may, prior to the sale, pay the delinquent taxes in full to discharge the tax claim. Alternately, the owner or any lien creditor may enter into an agreement with the Tax Claim Bureau to pay the taxes, charges and interest in installments. The terms of an installment agreement require an initial payment of twenty-five percent of the amount due on tax claims filed and an agreement to pay the balance in three subsequent installments, all within one year.

Upset Tax Sale

The upset price is the minimum price for which the property may be sold. It includes the claim for delinquent real estate taxes, corporation tax claims of the Commonwealth of Pennsylvania, municipal claims and costs of notice and sale. Real estate taxes for the current year will usually be added. Property may be sold at or above the upset price at a public auction sale conducted by the Tax Claim Bureau.

The purchaser must pay the entire purchase price on the day of the sale. There are no restrictions concerning who may bid at the public sale. The purchaser is required to pay real estate transfer taxes on the Tax Claim deed based on the fair market value of the property.

Within thirty days after the sale, the Tax Claim Bureau sends written notice of the sale to the owner. Within sixty days of the sale, the Bureau files a petition for confirmation of the sales by the court. The owner may file objections to the confirmation of sale within thirty days following confirmation.

The objections may question the regularity or legality of the sale, including notice of the sale, but may not raise the legality of the taxes. After the court has confirmed the sale, the Tax Claim Bureau executes and records a deed for the property to the successful bidder. While Tax Claim deeds are valid, some title insurance companies will not insure them, so it may be necessary for the purchaser to file an action to quiet title against the former owner to get insurable title.

## Federal Tax Liens

If there are federal tax liens against the property, there are important considerations which must be addressed prior to the tax sale concerning the rights of the Internal Revenue Service.

## Warning to Mortgagees

If a mortgagee purchases the mortgaged property at a tax sale, there may also be an issue whether the acceptance of a Tax Claim deed has the effect of extinguishing the mortgage because the mortgage may be merged in the new tax claim deed. The mortgagee should clearly express its intention not to merge the mortgage into the tax title.

## Dates of Sales

The dates for this year's upset tax sales in the Southeastern Pennsylvania counties are as follows:

Berks County (Reading), Sept. 26 - 9:30 a.m.
Bucks County (Doylestown), Sept. 19 - 10:00 a.m.
Chester County (West Chester), Sept. 28 - 10:00 a.m.
Delaware County (Media), Sept. 11 - 10:00 a.m.
Lancaster County (Lancaster), Sept. 18 - 10:00 a.m.
Lehigh County (Allentown), Sept. 13 - 10:00 a.m.
Montgomery County (Norristown), Sept. 18 - 8:30 a.m.
Northampton County (Easton), Oct. 30 - 2:00 p.m.

## PRAYER FOR RELIEF

[I]    Punitive Damages of $10 Million Dollars

The above is true under penalty of perjury.

John A. Franklin [Pro-Se]
30329 Vines Creek Road
Dagsboro Delaware 19939
 (302) 732 1400