IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| John A. Franklin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-466 GMS |
| | ) |
| Pocono Ranch Lands Property | ) |
| Owners Association, President Sal | ) |
| Albanese, Treasurer Michael | ) |
| Muller, Recording Secretary | ) |
| Barbara Cali, Roy Borgfeld, John | ) |
| Cerruti, Ed Condra, John Frawley, | ) |
| Thelma Hurd, Chris Isolda, Lois | ) |
| Martin, Rich Massaro, Donald | ) |
| Murphy, Kathleen Simoncic, | ) |
| Community Manager David | ) |
| Cavanaugh, Barbara Station, Milli | ) |
| Kleiber, Bookkeeper Jenny Shull, | ) |
| Joe Galayda, Deanna Romano, | ) |
| Maintenance Staff David Albaugh, | ) |
| Maintenance Timothy McCabe, | ) |
| Maintenance Jim Whittaker, | ) |
| Maintenance Brian Schimmel, | ) |
| Maintenance Sam Gurian, | ) |
| Housekeeping Patsy Varga, | ) |
| Manager Joe Davis, Steven Roach, | ) |
| Tim Santiago, Richard Veech, | ) |
| Manager Doreen Santiago, John | ) |
| Fuehrer, Jennifer Nesci, Shannon | ) |
| Whipple, Clarence White, and | ) |
| Mr. McBride, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, John A. Franklin ("Franklin"), proceeds *pro se* and filed this action on July 31, 2006. (D.I. 2, 3.) On February 8, 2007, the court dismissed the complaint without prejudice and gave Franklin leave to amend. (D.I. 8.) An amended complaint was filed on February 21,

2007. (D.I. 9, 10.) The court now proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the amended complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Franklin shall be given one more opportunity to file an amended complaint.

## I. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as the plaintiff proceeds *pro se*, the court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. DISCUSSION

Franklin claims jurisdiction based upon a federal question, and references the Fourteenth and Ninth Amendments. (D.I. 9, 10.) The paragraph of the complaint entitled "Malicious Prosecution" discusses certain elements of a malicious prosecution claim. Franklin alleges "[d]efendants have caused [liable] for psychological and physical distress. By pursuing a void, frivolous, and moot claim." *Id.* Like the original complaint, the amended complaint does not indicate what that claim might be, although Franklin makes reference to land he and his wife purchased at an auction. Franklin alleges that he never belonged to the Pocono Ranch Lands Property Owners Association. The complaint then discusses the procedure for the sale of real estate due to delinquent taxes.

Franklin makes reference to the Ninth and Fourteenth Amendments. While not clear, it may be that he attempts to raise a claim for malicious prosecution under 42 U.S.C. § 1983.[1] To do so, Franklin must establish: "(1) the deprivation of liberty, (2) an absence of probable cause. and (3) termination or reversal of the criminal proceeding by reason of plaintiff's innocence." *Wilberger v. Joseph*, No. Civ. 03-631-SLR, 2005 WL 1026719 (D. Del. Apr. 25, 2005) (internal citations omitted).

He also may be raising a malicious prosecution claim pursuant to state law. Under Delaware law, to state a claim for malicious prosecution a plaintiff must establish each of the following elements: (1) prior institution or continuation of some regular judicial proceedings against plaintiff in this action, (2) such former proceedings must have been by, or at the

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

insistence, of the defendant in this action, (3) the former proceedings must have terminated in favor of the plaintiff herein, (4) there must have been malice in instituting the former proceedings, (5) there must have been a lack of probable cause for the institution of the former proceedings, and (6) there must have been injury or damage to plaintiff from the former proceedings. *Wiers v. Barnes*, 925 F.Supp. 1079, 1093 (D. Del. 1996) (citing *Megenhardt v. Nolan*, 583 A.2d 660 (Del. 1990)).

Franklin improved on his original complaint by making it clear in the amended complaint that he wishes to maintain an action for malicious prosecution. Regardless, the amended complaint fails to give defendants fair notice of the facts that underlie the claim. The court cannot discern if there were prior judicial proceedings, when the prior proceeding took place, the type of any prior judicial proceeding, the outcome of any prior judicial proceeding, and how Franklin was damaged by any former proceeding. Because Franklin's amended complaint fails to provide sufficient notification to the defendants of the nature and factual basis of the claimed wrong, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. CONCLUSION

For the above stated reasons the court finds that the amended complaint fails to state a claim upon which relief may be granted, and it is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Franklin will be given one more opportunity to amend. An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

May 9, 2007
Wilmington, Delaware



FILED
MAY - 9 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| John A. Franklin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-466 GMS |
| | ) |
| Pocono Ranch Lands Property | ) |
| Owners Association, President Sal | ) |
| Albanese, Treasurer Michael | ) |
| Muller, Recording Secretary | ) |
| Barbara Cali, Roy Borgfeld, John | ) |
| Cerruti, Ed Condra, John Frawley, | ) |
| Thelma Hurd, Chris Isolda, Lois | ) |
| Martin, Rich Massaro, Donald | ) |
| Murphy, Kathleen Simoncic, | ) |
| Community Manager David | ) |
| Cavanaugh, Barbara Station, Milli | ) |
| Kleiber, Bookkeeper Jenny Shull, | ) |
| Joe Galayda, Deanna Romano, | ) |
| Maintenance Staff David Albaugh, | ) |
| Maintenance Timothy McCabe, | ) |
| Maintenance Jim Whittaker, | ) |
| Maintenance Brian Schimmel, | ) |
| Maintenance Sam Gurian, | ) |
| Housekeeping Patsy Varga, | ) |
| Manager Joe Davis, Steven Roach, | ) |
| Tim Santiago, Richard Veech, | ) |
| Manager Doreen Santiago, John | ) |
| Fuehrer, Jennifer Nesci, Shannon | ) |
| Whipple, Clarence White, and | ) |
| Mr. McBride, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 9th day of May, 2007, for the reasons set forth in the Memorandum issued this date,

1. The amended complaint is DISMISSED without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B).

2.  Franklin is given leave to amend the amended complaint. The amendment shall be filed within **thirty days** from the date of this order. If the amendment is not filed within the time allowed, then the case will be closed.



UNITED STATES DISTRICT JUDGE

FILED

MAY - 9 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE