IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN A. FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-466-GMS |
| | ) |
| POCONO RANCH LANDS PROPERTY | ) |
| OWNERS ASSOCIATION, PRESIDENT | ) |
| SAL ALBANESE, TREASURER | ) |
| MICHAEL MULLER, RECORDING | ) |
| SECRETARY BARBARA CALI, ROY | ) |
| BORGFELD, JOHN CERRUTI, ED | ) |
| CONDRA, JOHN FRAWLEY, THELMA | ) |
| HURD, CHRIS ISOLDA, LOIS MARTIN, | ) |
| RICH MASSARO, DONALD MURPHY, | ) |
| KATHLEEN SIMONCIC, COMMUNITY | ) |
| MANAGER DAVID CAVANAUGH, | ) |
| BARBARA STATION, MILLI KLEIBER, | ) |
| BOOKKEEPER JENNY SHULL, | ) |
| JOE GALAYDA, DEANNA ROMANO, | ) |
| MAINTENANCE STAFF DAVID | ) |
| ALBAUGH, MAINTENANCE TIMOTHY | ) |
| MCCABE, MAINTENANCE JIM | ) |
| WHITTAKER, MAINTENANCE BRIAN | ) |
| SCHIMMEL, MAINTENANCE SAM | ) |
| GURIAN, HOUSEKEEPING PATSY | ) |
| VARGA, MANAGER JOE DAVIS, | ) |
| STEVEN ROACH, TIM SANTIAGO, | ) |
| RICHARD VEECH, MANAGER | ) |
| DOREEN SANTIAGO, JOHN FUEHRER, | ) |
| JENNIFER NESCI, SHANNON | ) |
| WHIPPLE, CLARENCE WHITE, | ) |
| MR. MCBRIDE, and YOUNG & HARRIS, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, John A. Franklin ("Franklin"), proceeds *pro se* and filed this action on July

31, 2006. (D.I. 2, 3.) On February 8, 2007, the court dismissed the complaint without prejudice and gave Franklin leave to amend. (D.I. 8.) An amended complaint was filed on February 21, 2007. (D.I. 9, 10.) It was also dismissed, and Franklin was given a final opportunity to amend. (D.I. 11.) The court now proceeds to review and screen the first amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the first amended complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.  **STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.,* No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v Colley,* 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus,* –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury,* 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* –U.S.–, 127

S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because Franklin proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## II. DISCUSSION

Other than a few new allegations, the first amended complaint mirrors the amended complaint. (D.I. 12.) Franklin now claims jurisdiction based upon diversity of citizenship as opposed to a federal question as originally alleged. He alleges malicious prosecution and abuse of process apparently because two civil lawsuits were filed against him in Pennsylvania state courts. Franklin alleges two default judgments were entered against him, that the courts lacked subject matter jurisdiction, and the lawsuits were nonfactual.[1] Franklin alleges that if a lawsuit is

---

[1] It may be that the court has no jurisdiction in light of the *Rooker-Feldman* doctrine which deprives a federal district court of jurisdiction to review a state court adjudication. *Turner v. Secretary of U.S. Dep't Housing and Urban Dev.*, 449 F.3d 536, 547 (3d Cir. 2006). As is well-known, the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The claims also may fall under the purview of the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine provides that federal courts are not to interfere with

filed, out of spite and without any legal or factual foundation, one may sue for damages against the person who filed the original action. He alleges the defendants have caused him psychological and physical distress by pursuing a void, frivolous, and moot claim. Franklin attaches several exhibits to the first amended complaint which indicate a default judgment was entered against him on August 3, 2006, in *Pocono RanchLands P.O.A. v. Franklin*, Docket No. CV-127-06 filed in Magistrate District No. 60-3-04, Commonwealth of Pennsylvania, Pike County. (D.I. 12, Ex. B.) Other exhibits indicate a lawsuit was filed against Franklin in *Pocono Ranchlands Prop. Owners Assoc.*, No. 1758 Civil 2006, Court of Common Pleas of the Sixtieth Judicial District, Commonwealth of Pennsylvania, Pike County. *Id.* at Exs. D-F, H, J

As mentioned, jurisdiction is based upon diversity of citizenship and Franklin attempts to raise claims of malicious prosecution and abuse of process. Franklin is a resident of Delaware, and while not clear, it appears that at least some of the defendants are residents of Pennsylvania. The first amended complaint does not indicate if Franklin's claims are based upon Delaware law or Pennsylvania law. More than likely, Franklin proceeds under Pennsylvania law since the lawsuits he refers to were filed in Pennsylvania state courts. Regardless, for the reasons that follow, his claims fail under the laws of either state.

**Delaware Law**. To state a claim for malicious prosecution a plaintiff must establish each of the following elements: (1) prior institution or continuation of some regular judicial

---

pending state criminal proceedings and it has been extended to civil cases and state administrative proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975). The doctrine applies to proceedings until all appellate remedies have been exhausted. *Huffman v. Pursue Ltd.*, 420 U.S. at 608; *see Reinhardt v. Commonwealth of Mass. Dep't of Soc. Services*, 715 F.Supp. 1253, 1255 (S.D.N.Y. 1989).

proceedings against plaintiff in this action, (2) such former proceedings must have been by, or at the insistence, of the defendant in this action, (3) the former proceedings must have terminated in favor of the plaintiff herein, (4) there must have been malice in instituting the former proceedings, (5) there must have been a lack of probable cause for the institution of the former proceedings, and (6) there must have been injury or damage to plaintiff from the former proceedings. *Wiers v. Barnes*, 925 F.Supp. 1079, 1093 (D. Del. 1996) (citing *Megenhardt v. Nolan*, 583 A.2d 660 (Del. 1990) (table decision)). The exhibits to the first amended complaint, as well as Franklin's allegations, indicate that the judicial proceedings of which he complains did not terminate in his favor. For this reason alone, the malicious prosecution claim fails.

Under Delaware law, the essential elements of a claim for abuse of process are: 1) an ulterior purpose; and 2) a wilful act in the use of the process not proper in the regular conduct of the proceedings. *Nix v. Sawyer,* 466 A.2d 407, 412 (Del. Super. Ct. 1983). Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required. *Id.* Merely carrying out the process to its authorized conclusion, even though with bad intentions, does not result in liability. *Id.* Also "[s]ome form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, must be shown." *Id.* (quoting Prosser, *Law of Torts,* § 121 (4th ed. 1971). The first amended complaint does not allege a wilful and improper act in the use of process, any form of coercion, and a collateral advantage to the defendants arising from said coercion. *See Nix,* 466 A.2d at 412. Therefore, the court will dismiss the abuse of process claim as it fails to state a claim upon which relief may be granted.

***Pennsylvania Law***. A claim for malicious prosecution arises when a party institutes a

lawsuit with a malicious motive and without probable cause. *Werner v. Plater-Zyberk*, 799 A.2d 776, 2002 PA Super. (Pa. Super. Ct. 2002); *Hart v. O'Malley*, 781 A.2d 1211, 1219, 2001 PA Super. 221 (Pa. Super. Ct. 2001); *Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 191 (Pa. Super. Ct. 1994). A private individual may be subject to liability for malicious prosecution if: (a) he initiates or procures the institution of criminal proceedings without probable cause and primarily for a purpose other than that of bringing the offender to justice, and (b) the proceedings have terminated in favor of the accused. *Gallucci v. Phillips & Jacobs, Inc.*, 614 A.2d 284, 290 (Pa. Super. Ct. 1992).

Allegations of malicious prosecution also invoke Pennsylvania's statutory law in the form of the wrongful use of civil proceedings statute, also known as the "Dragonetti Act," 42 Pa. Cons. Stat. Ann. § 8351 through § 8355. The Dragonetti Act sets forth the elements of a claim as follows: "A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]: (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and (2) The proceedings have terminated in favor of the person against whom they are brought." 42 Pa. Cons. Stat. Ann. § 8351. Thus, in an action for wrongful use of civil proceedings, Franklin must demonstrate that the person taking part in the initiation, procurement or continuation of civil proceedings either acted in a grossly negligent manner or lacked probable cause. *Broadwater v. Sentner*, 725 A.2d 779, 782, 1999 Pa.Super. 24 (1999). He must also prove that the prior proceedings terminated in his favor and against the Dragonetti action defendant. *Id.*

As previously discussed, Franklin does not allege that any of the state law proceedings terminated in his favor. Indeed, at least one of the cases resulted in a default judgment against him. Therefore, the court will dismiss the malicious prosecution claim and/or Dragonetti claim arising under Pennsylvania law.

Abuse of process is the use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process." *McGee v. Feege,* 535 A.2d 1020, 1026 (Pa. 1987); *Shiner v. Moriarty,* 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998); *Rosen v. American Bank of Rolla,* 627 A.2d 190, 192 (Pa. Super. Ct. 1993). Under Pennsylvania law, "[t]o establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Werner v. Plater-Zyberk,* 799 A.2d at 785.

A cause of action for abuse of process requires "[s]ome definite act or threat not authorized by the process . . . or used for an illegitimate aim, such as extortion, blackmail, or to coerce or compel the plaintiff to take some collateral action." *Al Hamilton,* 644 A.2d at 191. There can be no liability where the defendant has done nothing more than "carry out the process to its authorized conclusion, even though with bad intentions." *Shaffer v. Stewart,* 473 A.2d 1017, 1018 (Pa. Super. Ct. 1984); *Di Sante v. Russ Financial Co.,* 380 A.2d 439, 441 (Pa. Super. Ct. 1977).

The first amended complaint contains no such facts to even suggest a claim for abuse of process. Even taking into consideration Franklin's pro se status, and liberally construing the complaint, Franklin fails to plead facts sufficient to support an abuse of process clam against any of the defendants. Accordingly, the court will dismiss the claim as it arises under Pennsylvania law.

## III.   CONCLUSION

Franklin has been given ample opportunity, but has failed, to cure his defective pleadings. For the above stated reasons the court finds that the first amended complaint fails to state a claim upon which relief may be granted, and it is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading,* 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

Oct. 18     , 2007
Wilmington, Delaware



FILED

OCT 18 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN A. FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-466-GMS |
| | ) |
| POCONO RANCH LANDS PROPERTY | ) |
| OWNERS ASSOCIATION, PRESIDENT | ) |
| SAL ALBANESE, TREASURER | ) |
| MICHAEL MULLER, RECORDING | ) |
| SECRETARY BARBARA CALI, ROY | ) |
| BORGFELD, JOHN CERRUTI, ED | ) |
| CONDRA, JOHN FRAWLEY, THELMA | ) |
| HURD, CHRIS ISOLDA, LOIS MARTIN, | ) |
| RICH MASSARO, DONALD MURPHY, | ) |
| KATHLEEN SIMONCIC, COMMUNITY | ) |
| MANAGER DAVID CAVANAUGH, | ) |
| BARBARA STATION, MILLI KLEIBER, | ) |
| BOOKKEEPER JENNY SHULL, | ) |
| JOE GALAYDA, DEANNA ROMANO, | ) |
| MAINTENANCE STAFF DAVID | ) |
| ALBAUGH, MAINTENANCE TIMOTHY | ) |
| MCCABE, MAINTENANCE JIM | ) |
| WHITTAKER, MAINTENANCE BRIAN | ) |
| SCHIMMEL, MAINTENANCE SAM | ) |
| GURIAN, HOUSEKEEPING PATSY | ) |
| VARGA, MANAGER JOE DAVIS, | ) |
| STEVEN ROACH, TIM SANTIAGO, | ) |
| RICHARD VEECH, MANAGER | ) |
| DOREEN SANTIAGO, JOHN FUEHRER, | ) |
| JENNIFER NESCI, SHANNON | ) |
| WHIPPLE, CLARENCE WHITE, | ) |
| MR. MCBRIDE, and YOUNG & HARRIS, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

At Wilmington this 18th day of Oct., 2007, for the reasons set forth in

the Memorandum issued this date,

The first amended complaint is DISMISSED for failure to state a claim upon which relief may be granted and as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the first amended complaint would be futile.

_____
UNITED STATES DISTRICT JUDGE

FILED

OCT 18 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE