Saturday, October 20, 2007

Page 1

IN THE FEDERAL DISTRICT COURT OF THE THIRD CIRCUIT

WILMINGTON DELAWARE



John A. Franklin [Pro-Se]
30329 Vines Creek Road
Dagsboro Delaware 19939

Plantiff

Civil Docket Nimber 1:06-cv-00466-GMS
Varified Complaint Demand A Jury Trial [seventh amendment]

Pocono Ranch Lands Property Owners Association [a foreign corporation]
80 Pocono Ranch Lands
Bushkill, PA 18324-9801

and

the following in there official capacity and individual capacity
President Vice President Sal Albanese Treasurer Michael Muller
Recording Secretary Barbara Cali
Associated Board Members
Roy Borgfeld John Cerruti Ed Condra John Frawley
Thelma Hurd Chris Isolda Lois Martin Rich Massaro Donald Murphy
Kathleen Simoncic
Office Staff
David Cavanaugh Community Manager Barbara Station—Asst. Community Manager
Milli Kleiber - Administrative Assistant
Deanna Romano—Administrative Assistant
Jenny Shull - Bookkeeper
Joe Galayda - Construction Administrator
Maintenance Staff
David Allbaugh - Maintenance Supervisor
Timothy McCabe - Maintenance
Jim Whittaker - Maintenance
Brian Schimmel - Maintenance
Sam Gurian—Maintenance
Patsy Varga - Housekeeping
Public Safety Staff
Joe Davis - Manager

Steven Roach
Tim Santiago
Richard Veech
Stable Staff
Doreen Santiago - Manager
John Fuehrer
Jennifer Nesci
Shannon Whipple
Charlene White

and

Mr. McBride [lawyer] [a foreign corporation]
213 Silver Lake Road
Dingmans Ferry
State, Zip Code PA 18328

FRCP 19. Joinder of Persons Needed for Just Adjudication
(a) Persons to be Joined if Feasible.
Attorneys for defendant.

Young & Haros, LLC [a foreign corporation]
802 Main Street,
Stroudsburg, Pennsylvania 18360-1602
Telephone: 570-424-9800, Fax: 570-424-9288

Defendants

MOTION TO REOPEN CASE UNDER FRCP.

VII. JUDGMENT Rule 60. Rule 60. Relief from Judgment or Order [b]

Plantiff Mr. Franklin was charged and an imposing or collecting, as of a tax, by

authority or force [Pennsylvania State Courts], which were completely out of there

JURISDICTION, causing Mental and Physical Liable Injury. If defendants felt Mr. Franklin

owed them money , they should of turned it over to a COLLECTION AGENCY not a

COURT OF NO JURISDICTION. The Courts and all Judges and Lawyers are GUILTY AS CHARGED.

See exhibits where Mr. Franklin begged for case to be dismissed.

Your Honor Mr. Franklin has Substantive Due Rights [ fairness in a civil society]

He was found in default in State Courts of Pennsylvania [No Jurisdiction]

Jurisdictions of courts
Abuse of Process

1. These torts involve misuse of the legal system, so even though such claims are rare, attorneys are targeted in some of these suits. Era Realty Co. v. RBS Properties, 576 N.Y.S.2d 831 (2nd Dep't 1992) (attorney may be liable for both abuse of process and conversion for executing on default judgment entered by a court lacking subject matter jurisdiction).

JURISDICTION

TITLE 28 PART IV CHAPTER 85 SECTION 1332

federal question 1332 diversity of citizenship

Malicious Prosecution jurisdictions of courts

Malicious Prosecution/Abuse of Process

1. These torts involve misuse of the legal system, so even though such claims are rare, attorneys are targeted in some of these suits. Era Realty Co. v. RBS Properties, 576 N.Y.S.2d 831 (2nd Dep't 1992) (attorney may be liable for both abuse of process and conversion for executing on default judgment entered by a court lacking subject matter jurisdiction).

STATUTE OF LIMITATIONS

No Covenants, signed by plantiff, and/or Parol [oral]

Point of Fact

Jurisdiction:

In setting the jurisdictions of courts, Congress and the U.S. Constitution -- and their state

counterparts -- mandate the types of cases each court may hear.

Federal courts have jurisdiction over lawsuits between citizens of different states.

Mr. Franklin has never lived in The State of Pennsylvania.

COMPLAINT

See Exhibits Attached

Jurisdictions of courts

abuse of process and conversion for executing on default judgment entered by a court lacking subject matter jurisdiction).

Abuse of Process

1. These torts involve misuse of the legal system, so even though such claims are rare, attorneys are targeted in some of these suits. Era Realty Co. v. RBS Properties, 576 N.Y.S.2d 831 (2nd Dep't 1992) (attorney may be liable for both abuse of process and conversion for executing on default judgment entered by a court lacking subject matter jurisdiction), aganist Mr. John A. Franklin

STATUTE OF LIMITATIONS

No Covenants, signed by plantiff, and/or Parol [oral]

property was non-perk test

Malicious Prosecution jurisdictions of courts

causing undue psychological and physical injury, due to power of courts

Point of Fact

Jurisdiction:

In setting the jurisdictions of courts, Congress and the U.S. Constitution -- and their state

counterparts -- mandate the types of cases each court may hear.

Federal courts have jurisdiction over lawsuits between citizens of different states. Mr. Franklin has never lived in The State of Pennsylvania.
Futhermore to sue in Federal Court one of two criterias' have to be met.
[I] TITLE 28 PART IV CHAPTER 85
CHAPTER 85—DISTRICT COURTS; JURISDICTION
Section 1331 Federal question
Section 1332 Diversity of citizenship; amount in controversy; costs The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
(1) citizens of different States;

Each state has local trial courts, which include courts for misdemeanors (non-penitentiary crimes), smaller demand civil actions (called municipal, city, justice or some other designation), and then courts, usually set up in each county (variously called Superior, District, County, Common Pleas courts.

Defendants filed a lawsuit against Mr. Franklin in the Pennsylvania State Local Court

Defendants have no personal jurisdiction over Mr. Franklin because Mr. Franklin is neither a citizen of nor

does business in Pennsylvania.

[1] In the court of THE 60TH JUDICAL DISTRICT OF THE COMMONWEALTH OF

PENNSYLVANIA Magisterial District 60-3-04 Delaware Township, Lehman Township, Porter Township,

In Pike County [executing on default judgment entered by a court lacking subject matter jurisdiction]

aganist plantiff.

[II] Then Defendants filed a second lawsuit IN THE COURT OF COMMON PLEAS Pike County (60)

COMMONWEALTH OF PENNSYLVANIA case voided due lack of jurisdiction of Pennsylvania Law

COURTS OF COMMON PLEAS [ executing on default judgment entered by a court lacking subject matter

jurisdiction], aganist plantiff.

The Lawsuits aganist Mr. Franklin were non factual.

Filing a lawsuit with the intention of creating problems for the defendant such as costs, attorneys' fees,

anguish, or distraction when there is no substantial basis for the suit. If the defendant in the lawsuit wins

and has evidence that the suit was filed out of spite and without any legal or factual foundation, he/she

may, in turn, sue for damages against the person who filed the original action. If malice is clearly proved

against the party who brought the original suit, punitive damages may be awarded along with special and

general damages. In recent cases, courts have ruled that an attorney who knowingly assists a client in

filing a worthless lawsuit out of malice is liable for damages along with the client.

Defendants have caused [liable] for psychological and physical distress. By pursuing

a void, frivolous, and moot claim.

[I] Mister Franklin is disabled and lives on $550.00 per month.

[II] Mister Franklin purchased said property {LOT} at land auction for $25.00 dollars
along with his wife { MADEN NAME JOSEPHINE M FRANCO, JOSEPHINE M FRANKLIN}
both names are on deed and both are named in suit Mrs. MADEN NAME JOSEPHINE M FRANCO, JOSEPHINE M FRANKLIN has yet to be contacted by Mr.McBride and/or Defendants making
suit void, and moot.
[S/S # 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
BIRTH DAY 12-12-40
CURRENTLY LIVING IN THE STATE OF PA.
Joint Owners - Any person holding property jointly or in common can be held liable for the tax as to
the whole property, or as to his or her proportionate interest.
How is the property being used - SAID PROPERTY IS NOT BEING USED IT IS A VACANT [LOT].
State legislatures can, subject to certain limitations, exempt any persons or property from taxation
or provide comparable tax benefits such as abatements, credits, or reduced assessment ratios.
In general the tax benefit must serve a public purpose and the classification on which it is based
cannot be arbitrary. In most cases the availability of the benefit will be conditioned on the property
being used for a specific purpose

[III] Under Pennsylvania Law Mister Franklin relinquished all rights to said {LOT} give up or abandon, by default failure to perform a task or fulfill an obligation, especially failure

to meet a financial obligation.

[IV] Futhermore Mister Franklin never belong to defendants Pocono Ranch Lands Property Owners Association [Signed Contract]

[V] Pennsylvania Tax Bill
Pennsylvania Real Estate Upset Tax Sales Bill
Real Estate tax sales in Southeastern Pennsylvania counties (other than Philadelphia) are
held in September of each year. Unpaid real estate taxes become delinquent on January
1st of the year following the year when the taxes are due (for example, 1999 taxes became
delinquent on January 1, 2000). The taxing authorities return a claim for unpaid taxes to the
County Tax Claim Bureau by April 1st. The Tax Claim Bureau acts as the agent for the
taxing authorities in a county. Delinquent taxes can be paid only to the Tax Claim Bureau,
not to the local tax collectors. Interest is charged at the rate of 9 percent per year.

A notice of the tax claim is sent to the owner by certified mail by July 31st of the year after
the taxes are due. The tax claim becomes absolute on the following January 1st, but may be
discharged until July 1st of the following year. The redemption period runs until the property
is sold at the public sale in September.

The Tax Sale

Upset tax sales are scheduled in September at the county courthouse for unpaid township or
borough, county and school district real estate taxes. The sales in 2000 will usually be for
unpaid 1998 taxes. Notice of the sale is given by publication in a legal publication and in
two papers of general circulation at least 30 days prior to the sale. The Tax Claim Bureau
gives written notice to each owner by certified mail. The property must be posted at least
ten days prior to the sale. Mortgagees and other lienholders do not receive personal notice
of either the tax claim or the tax sale. A tax sale will not divest prior unpaid liens of record,
such as mortgages and judgments. The sale will, however, divest liens of all taxes and municipal

claims which are included in the upset price. There is no right of redemption after the property is
sold at tax sale.

**Removal From Sale**

The owner or any lien creditor may, prior to the sale, pay the delinquent taxes in full to
discharge the tax claim. Alternately, the owner or any lien creditor may enter into an
agreement with the Tax Claim Bureau to pay the taxes, charges and interest in installments.
The terms of an installment agreement require an initial payment of twenty-five percent of
the amount due on tax claims filed and an agreement to pay the balance in three subsequent
installments, all within one year.

**Upset Tax Sale**

The upset price is the minimum price for which the property may be sold. It includes the
claim for delinquent real estate taxes, corporation tax claims of the Commonwealth of
Pennsylvania, municipal claims and costs of notice and sale. Real estate taxes for the
current year will usually be added. Property may be sold at or above the upset price at
a public auction sale conducted by the Tax Claim Bureau.

The purchaser must pay the entire purchase price on the day of the sale. There are no restrictions
concerning who may bid at the public sale. The purchaser is required to pay real estate transfer
taxes on the Tax Claim deed based on the fair market value of the property.

Within thirty days after the sale, the Tax Claim Bureau sends written notice of the sale to the owner.
Within sixty days of the sale, the Bureau files a petition for confirmation of the sales by the court.
The owner may file objections to the confirmation of sale within thirty days following confirmation.
The objections may question the regularity or legality of the sale, including notice of the sale, but
may not raise the legality of the taxes. After the court has confirmed the sale, the Tax Claim Bureau
executes and records a deed for the property to the successful bidder. While Tax Claim deeds are

valid, some title insurance companies will not insure them, so it may be necessary for the purchaser
to file an action to quiet title against the former owner to get insurable title.

**Federal Tax Liens**

If there are federal tax liens against the property, there are important considerations which must
be addressed prior to the tax sale concerning the rights of the Internal Revenue Service.

**Dates of Sales**

The dates for this year's upset tax sales in the Southeastern Pennsylvania counties are as follows:

Berks County (Reading), Sept. 26 - 9:30 a.m.
Bucks County (Doylestown), Sept. 19 - 10:00 a.m.
Chester County (West Chester), Sept. 28 - 10:00 a.m.
Delaware County (Media), Sept. 11 - 10:00 a.m.
Lancaster County (Lancaster), Sept. 18 - 10:00 a.m.
Lehigh County (Allentown), Sept. 13 - 10:00 a.m.
Montgomery County (Norristown), Sept. 18 - 8:30 a.m.
Northampton County (Easton), Oct. 30 - 2:00 p.m.

**PRAYER FOR RELIEF**

[I] Punitive Damages of $10 Million Dollars

The above is true under penalty of perjury.

John A. Franklin [Pro-Se]
30329 Vines Creek Road
Dagsboro Delaware 19939
(302) 732 1400


**PROOF OF SERVICE**

I, John A. Franklin, do swear or declare that on this date, Saturday, October 20, 2007
as required by, THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE I have served the enclosed Plantiff(s), Motion and amended complaint,
on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing an envelope containing the above documents in the United States mail properly addressed to each of them and with

first-class postage prepaid, and or by FAX, and or Electronic Mail, and Through The Clerks Office of The U.S. District Court Of Delaware ( in forma pauperis ).

The names and addresses of those served are as follows:

Signed Mr. John A. Franklin   *John A Franklin*   10-20-07

Pocono Ranch Lands Property Owners Association
80 Pocono Ranch Lands
Bushkill, PA 18324-9801


Young & Haros, LLC
802 Main Street,
Stroudsburg, Pennsylvania 18360-1602
Telephone: 570-424-9800, Fax: 570-424-9288