IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN A. FRANKLIN,

Plaintiff,

v.

Civil Action No. 06-466-GMS

POCONO RANCH LANDS PROPERTY OWNERS ASSOCIATION, PRESIDENT SAL ALBANESE, TREASURER MICHAEL MULLER, RECORDING SECRETARY BARBARA CALI, ROY BORGFELD, JOHN CERRUTI, ED CONDRA, JOHN FRAWLEY, THELMA HURD, CHRIS ISOLDA, LOIS MARTIN, RICH MASSARO, DONALD MURPHY, KATHLEEN SIMONCIC, COMMUNITY MANAGER DAVID CAVANAUGH, BARBARA STATION, MILLI KLEIBER, BOOKKEEPER JENNY SHULL, JOE GALAYDA, DEANNA ROMANO, MAINTENANCE STAFF DAVID ALBAUGH, MAINTENANCE TIMOTHY MCCABE, MAINTENANCE JIM WHITTAKER, MAINTENANCE BRIAN SCHIMMEL, MAINTENANCE SAM GURIAN, HOUSEKEEPING PATSY VARGA, MANAGER JOE DAVIS, STEVEN ROACH, TIM SANTIAGO, RICHARD VEECH, MANAGER DOREEN SANTIAGO, JOHN FUEHRER, JENNIFER NESCI, SHANNON WHIPPLE, CLARENCE WHITE, MR. MCBRIDE, and YOUNG & HARRIS, LLC,

Defendants.

**MEMORANDUM ORDER**

## I. BACKGROUND

The plaintiff, John A. Franklin ("Franklin"), proceeds *pro se* and filed this lawsuit on

July31, 2006. (D.I. 1.) On February 8, 2007, the court dismissed the complaint for failure to state a claim upon which relief may be granted. (D.I. 8.) Franklin was given leave to amend, and he filed an amended complaint on February 21, 2007. (D.I. 9.) The amended complaint was dismissed on the same grounds as the original complaint. (D.I. 11.) Franklin was given one final opportunity to amend his complaint to correct its pleading deficiencies, and an amended complaint was filed on June 1, 2007. (D.I. 12.) The amended complaint did not cure the pleading deficiencies, and on October 18, 2007, the court, in a very thorough memorandum and order, dismissed the case for failure to state a claim upon which relief may be granted and closed the case. (D.I. 13.) Now before the court are Franklin's motions to reopen the case which the court construes as motions for reconsideration pursuant to Fed. R. Civ. P. 60. (D.I. 14, 15.)

## II. STANDARD OF REVIEW

Franklin refers to Rule 60(b) of the Federal Rules of Civil Procedure in support of his motion found at docket item 14. Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Rule 60(b) motions and motions for reconsideration under Fed. R. Civ. P. 59(e) serve a similar function, but each has a distinct purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288

(3d Cir. 2003). Rule 60(b) lists several grounds for reconsideration and, as set forth above, those grounds include "mistake, inadvertence, surprise, or excusable neglect." Rule 59(e), "is a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Id.* (internal quotation marks omitted). In reviewing the motion it is clear that Franklin attempts to relitigate the issues decided in the order, and therefore, the court will construe the motion as one under Rule 59(e).

The standard for obtaining relief under Rule 59(e) is difficult for Franklin to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

## III. DISCUSSION

The court dismissed Franklin's amended complaint on the basis that he failed to state a claim for malicious prosecution[1] or for abuse of process[2]. (D.I. 13.) Franklin's first motion for reconsideration was filed on October 22, 2007. (D.I. 14.) The motion contains snippets of law from state and federal statutes and argues that if Franklin owed money, the matter should have been turned over to a collection agency, rather than file a lawsuit against him. He argues the lawsuits filed against him were "non factual" and he has been damaged by the pursuit of lawsuits

---

[1]Under Pennsylvania law, a claim for malicious prosecution arises when a party institutes a lawsuit with a malicious motive and without probable cause. *Werner v. Plater-Zyberk*, 799 A.2d 776, 2002 PA Super. 42 (Pa. Super. Ct. 2002); *Hart v. O'Malley,* 781 A.2d 1211, 1219, 2001 PA Super. 221 (Pa. Super. Ct. 2001); *Al Hamilton Contracting Co. v. Cowder,* 644 A.2d 188, 191 (Pa. Super. Ct. 1994). A private individual may be subject to liability for malicious prosecution if: (a) he initiates or procures the institution of criminal proceedings without probable cause and primarily for a purpose other than that of bringing the offender to justice, and (b) the proceedings have terminated in favor of the accused. *Gallucci v. Phillips & Jacobs, Inc.*, 614 A.2d 284, 290 (Pa. Super. Ct. 1992).

Allegations of malicious prosecution also invoke Pennsylvania's statutory law in the form of the wrongful use of civil proceedings statute, also known as the "Dragonetti Act," 42 Pa. Cons. Stat. Ann. § 8351 through § 8355. The Dragonetti Act sets forth the elements of a claim as follows: "A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]: (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and (2) The proceedings have terminated in favor of the person against whom they are brought." 42 Pa. Cons. Stat. Ann. § 8351. Thus, in an action for wrongful use of civil proceedings, the plaintiff must demonstrate that the person taking part in the initiation, procurement or continuation of civil proceedings either acted in a grossly negligent manner or lacked probable cause. *Broadwater v. Sentner,* 725 A.2d 779, 782, 1999 Pa. Super. 24 (1999). He must also prove that the prior proceedings terminated in his favor and against the Dragonetti action defendant. *Id.*

[2]Under Pennsylvania law, "[t]o establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Werner v. Plater-Zyberk,* 799 A.2d at 785.

that were void, frivolous, and moot.

The second motion for reconsideration, filed on November 15, 2007, asks that the case be reopened and that Franklin be allowed to raise a combined claim of malicious prosecution with abuse of summons. (D.I. 15.) Attached to docket item 15 is a praecipe to discontinue without prejudice, file marked November 14, 2007, in a Pennsylvania state court action filed against Franklin and other defendants by the Pocono Ranchlands Property Owners Association, No. 1758 CIVIL 2006. A praecipe to discontinue is not a final order, and nothing before the court indicates the Pennsylvania court has ruled on the praecipe. *See Grunde v. Huff*, 639 A.2d 1227 (Pa. Super. Ct. 1994).

Franklin provides no valid reason for the court to reconsider its October 18, 2007 ruling. The court has given Franklin several opportunities to correct his pleading deficiencies, to no avail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment."). His motions for reconsideration do not demonstrate that he can sufficiently allege a claim upon which relief may be granted. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Franklin has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motions will be denied.

NOW THEREFORE, at Wilmington this 25th day of Feb., 2007, IT IS HEREBY ORDERED that the Motions for Reconsideration (D.I. 14, 15) are **DENIED**. The case remains **CLOSED**. The plaintiff is placed on notice that the court will docket, but will not

consider **repetitive motions to reopen or for reconsideration. Said filings will be denied as repetitive.**

CHIEF, UNITED STATES DISTRICT JUDGE

FILED
FEB 2 5 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE